**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YANET PUPO MORA,

           Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

           Respondent.

No.   20-71997

Agency No. A201-910-668

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2021[**]
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Petitioner, Yanet Pupo Mora, is a native and citizen of Cuba. She petitions for review of the Board of Immigration Appeals' (BIA) decision to deny her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. The BIA's conclusion that petitioner's mistreatment by the Cuban authorities did not rise to the level of persecution is supported by substantial evidence. *See Regalado-Escobar v. Holder*, 717 F.3d 724, 726–27 (9th Cir. 2013) ("We review . . . the BIA's factual findings, including whether an applicant was persecuted on account of [her] political opinion, under the substantial evidence standard."). "Persecution is the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive" and is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005) (quotation marks omitted) (quoting *Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir. 1998)).

Petitioner primarily relies on three encounters with the Cuban authorities to support her claim of past persecution. First, petitioner testified that she was assaulted by two police officers in front of her young son. During the assault one of the police officers kicked petitioner in the back and stomach. Petitioner testified

that she did not sustain any injuries that required medical attention. The officers did not explain why they beat petitioner. On two other occasions, petitioner was detained and questioned for four to six hours. Petitioner was not harmed while she was detained and was not charged with any crime. Considered together, these incidents do not describe harm so extreme as to compel a finding of past persecution. *See id.*

2. The BIA's conclusion that petitioner did not establish a well-founded fear of future persecution is supported by substantial evidence. "Absent evidence of past persecution, [petitioner] must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (citation omitted). Petitioner does not claim that she is a political dissident. Nor does the record compel a finding that the Cuban authorities believe her to be a dissident. Although Cuban authorities have detained petitioner twice, a country condition report in the record indicates it is not uncommon for Cuban citizens to be detained and questioned by the authorities arbitrarily. Thus, substantial evidence supports the BIA's finding that petitioner has not established the Cuban government is likely to single her out based on her political opinion.

**PETITION DENIED**